| | | |
|---|---|---|
| RONALD D. LEE, | ) | Case No. 07 cv 5829 |
| | ) | |
| Plaintiff, | ) | Judge John W. Darrah |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| BURLINGTON NORTHERN SANTA | ) | |
| FE RAILROAD COMPANY, et al., | ) | |
| | ) | |
| Defendants, | ) | |
| and | ) | |
| | ) | |
| QUALITY TERMINAL SERVICES, et al., | ) | |
| | ) | |
| Respondents in Discovery. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

The following motions are before the Court: (1) the motion of "respondent in

discovery" Quality Terminal Services LLC ("QTS") to dismiss Plaintiff's Amended

Complaint as against it (Doc. 47); and (2) Plaintiff's motion for a second extension of

time to convert QTS as a respondent in discovery (Doc. 49). For the reasons stated

below, QTS's motion to dismiss is granted; and Plaintiff's motion for a second extension

of time is denied.

## BACKGROUND

This removed action arises out of an injury sustained by Plaintiff on

September 10, 2005. According to the Complaint, Plaintiff was picking up a container at

the facility of Defendant Burlington Northern Sante Fe Railroad Company ("BNSF") in

Cicero, Illinois. As Plaintiff inspected the fit of the container on his truck chassis, the

container fell on his hand and injured him. Plaintiff filed this action in state court in

September 2007, alleging a claim of negligence against BNSF and related entities. Count

II of the Complaint designated various "John Doe" and other defendants as "respondents

in discovery" in the action pursuant to Section 5/2-402 of the Illinois Code of Civil

Procedure ("Section 2-402"). Section 2-402 provides:

> The plaintiff in any civil action may designate as respondents in discovery
> . . . those individuals or other entities, other than the named defendants,
> believed by the plaintiff to have information essential to the determination
> of who should properly be named as additional defendants in the action.
>
> Persons or entities so named as respondents in discovery . . . may, on
> motion of the plaintiff, be added as defendants if the evidence discloses
> the existence of probable cause for such action. . . .
>
> A copy of the complaint shall be served on each person or entity named as
> a respondent in discovery. . . .
>
> A person or entity named as a respondent in discovery . . . may be made a
> defendant in the same action at any time within 6 months after being
> named as a respondent in discovery, even though the time during which an
> action may otherwise be initiated against him or her may have expired
> during such 6 month period. An extension from the original 6-month
> period for good cause may be granted only once for up to 90 days for (I)
> withdrawal of counsel or (ii) good cause. Notwithstanding the limitations
> in this Section, the court may grant additional reasonable extensions from
> this 6-month period for a failure or refusal on the part of the respondent to
> comply with timely filed discovery.

735 ILL. COMP. STAT. 5/2-402.

The action was removed to federal court on October 15, 2007.

The named defendants answered the Complaint and filed a third-party complaint

for indemnity and contribution. (Doc. Nos. 8, 10.) On February 5, 2008, Plaintiff filed a

motion for an extension of time "to convert respondent in discovery." (Doc. 20.) That

motion was granted to June 5, 2008. Subsequently, BNSF filed a third-party complaint

for indemnity and contribution against QTS for any liability it may have to Plaintiff in the

case. (Doc. 24.)

On April 25, 2008, Plaintiff filed a motion with the Court "to convert respondent

in discovery and to amend complaint." (Doc. 35.) In this motion, Plaintiff represented

that discovery in the case revealed that QTS may be liable to Plaintiff. Plaintiff asked the

Court for an order allowing it to substitute QTS in place of John Doe defendant #1, "to

convert [QTS] to a party defendant" based on testimony obtained in the case, and to

amend its complaint "to bring a count against [QTS] as well as additional counts against

the BNSF Railway Defendants." The Court granted the motion; and, on May 7, 2008,

Plaintiff filed a First Amended Complaint ("Amended Complaint"). (Doc. 43.) The

Amended Complaint asserts additional claims for relief against BNSF (Amended

Complaint, Counts II and III). Count IV of the Amended Complaint is labeled

"Respondents in Discovery." The count sets forth no legal cause of action. Rather, it

simply states that Plaintiff "designates" QTS, and John Doe defendants 2 and 3, as

respondents in discovery in the case pursuant to Section 2-402.

## ANALYSIS

QTS has filed a motion to dismiss Plaintiff's purported "respondent in discovery

action" against it. The basis for QTS's motion is that Section 2-402 does not apply in this

federal diversity case and, even if it does, Plaintiff failed to convert QTS to a defendant

within the required six-month period. Plaintiff opposes the motion and has filed a

separate "Motion for Second Extension of Time to Convert Respondent in Discovery."

Plaintiff requests additional time to convert QTS, asserting that QTS has not yet responded to a subpoena for records, issued to it on April 15, 2008, which would help Plaintiff determine whether to convert QTS.

The question of whether Section 2-402 applies in a removed diversity case was thoroughly addressed by Judge Guzman in *Montclair-Bohl v. Janssen Pharmaceutica, Inc.*, No. 06 cv 2166, 2006 WL 2700013 (N.D. Il Sept. 13, 2006). In *Montclair-Bohl*, as here, the plaintiff named a defendant as a respondent in discovery in state court, the action was removed to federal court, and the plaintiff sought to add the named respondent as a defendant in the case pursuant to Section 2-402. Judge Guzman denied the plaintiff's request to utilize Section 2-402, holding that the Illinois procedure did not apply in federal diversity cases.

First, Judge Guzman held that Section 2-402 conflicts with the Federal Rules of Civil Procedure governing joinder. Judge Guzman reasoned:

> Joinder of defendants in federal cases is governed by Federal Rules of Civil Procedure . . . 19 and 20 and 28 U.S.C. § 1447(e). . . . Like Rule 19, section 2-402 sets forth a species of compulsory joinder, mandating that respondents in discovery be joined as defendants, upon timely motion, if there is probable cause to believe they are liable. Thus, section 2-402 is in direct conflict with both Rule 19, which instructs courts to consider a variety of factors to determine whether a defendant must be joined, and section 1447(e), which grants courts discretion to deny joinder in removal cases. Because there is a conflict between the state law and federal procedure, the Supremacy Clause dictates that the latter controls.

*Id.*, at *1.

In addition, Judge Guzman held that Section 2-402 is procedural, not substantive, and does not apply in federal court under the *Erie* doctrine. Judge Guzman noted that a substantive law is one that is either procedural in the ordinary sense of the term but

4

limited to a particular substantive area, or, so likely to dictate the outcomes of cases that, if not applied in diversity cases, would engender forum shopping or dissimilar decisions on similar cases. *Id.*, at *2. Judge Guzman found that Section 2-402 satisfies neither of these tests. He reasoned:

> As originally enacted, section 2-402 applied to only one substantive area of the law – medical malpractice. . . . In 1989, however, the Illinois Legislature amended the statutory language. . . . Thus, section 2-402 now applies to all civil suits, not just suits that implicate one substantive area of the law.
>
> Moreover, not applying section 2-402 to diversity cases is not likely to lead to forum shopping. Even in the absence of section 2-402, plaintiffs can add respondents as defendants in federal court pursuant to Rules 19 and 20 and [28 U.S.C. §] 1447(e). Consequently, the availability of section 2-402 will not give plaintiffs incentive to choose one court system over the other.
>
> Not applying the section to diversity cases also would not lead to dissimilar results in similar cases because all federal courts would be using the same joinder rules. If . . . section 2-402 is applied in federal court, the outcome of a joinder motion may depend on the location of the court. . . .

*Id.*[1]

Judge Guzman concluded that applying Section 2-402 to diversity cases would be inconsistent with both the Supremacy Clause and the *Erie* doctrine.

---

[1] Judge Guzman rejected the argument that Section 2-402 is outcome-determinative in that, if it did not apply in federal court, plaintiffs may choose to name all potentially liable defendants at the outset of a case. Judge Guzman reasoned that even if this were the effect of not applying Section 2-402 in federal court, an incentive for a plaintiff to name a defendant at the outset of the case does not prompt the plaintiff to sue in a different forum; and under the *Erie* analysis, "the question is not whether a state rule has an impact on the outcome, but whether the impact will promote forum shopping." *Id.*, at *3.

Judge Guzman's reasoning in *Montclair-Bohl* is persuasive and is adopted here. For all of the reasons set forth in *Montclair-Bohl*, Section 2-402 does not apply in this federal diversity case.

## CONCLUSION

For the reasons stated above, QTS's motion to dismiss the respondent in discovery action (Doc. 47) is granted, and Plaintiff's second extension of time to convert QTS as a respondent in discovery (Doc. 49) is denied.

Date: _June 26, 2008_

_____
John W. Darrah
United States District Court Judge